UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER STEPHEN BUCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-CV-1258-SPM |
| | ) |
| TENSTREET, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Christopher Stephen Buck for leave to commence this civil action without payment of the required filing fee. ECF No. 2. Having reviewed the financial information provided on plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, the Court finds the motion should be granted.[1] *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons explained below, the Court will direct plaintiff to file an amended complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as

---

[1] Plaintiff's listed expenses are reported to be $931 per month and he appears to be unemployed with no current sources of income.

true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating the court must accept factual allegations in the complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a self-represented litigant who has filed the instant 'Civil Complaint' against defendant Tenstreet, an employment application company, with an office in Tulsa, Oklahoma. *See* ECF No. 1 at 2. Under the section of the form complaint for plaintiff to indicate his basis for federal court jurisdiction, plaintiff appears to claim he is bringing this action pursuant to the following four federal statutes:

>   FAIR CREDIT REPORT ACT 15 U.S.C. 1681
>   AMERICAN DISABILITIES ACT 1964/1990
>   THE FEDERAL TORT CLAIMS ACT 1946
>   FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION/DOT 49 CFR

*Id.* at 3. He also appears to be asserting diversity jurisdiction as he claims he is a citizen of Missouri, defendant Tenstreet is a citizen of "all 50 states (North America)" and the amount in controversy "is over $75,000." *Id.* at 4.

In the section of the form complaint to provide his Statement of Claim, plaintiff writes the following in its entirety:

> DEFENDANTS NEGLIGENCE VIOLATED MULTIPLE FEDERAL STATUTES, BEGINING IN 07/2022 - CURRENT TIME = AS OF TODAY 10/05/2023, THROUGH INTERNET PROCESSIES INVOVLING EMPLOMENT APPLICATION, IN MULPILE LOCATIONS ACROSS THEE UNITED STATES OF AMERICA, INJURIES INCLUDE PAIN & SUFFERING, DEFAMATION OF CHARACTER AND LOSS OF INCOME.

*Id.* at 5 (errors in original).

For relief, plaintiff seeks "$35 million, so they don't make the same mistake again." *Id.* at 6.

## Discussion

Because plaintiff is proceeding *in forma pauperis*, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court has determined the complaint is deficient and subject to dismissal. Rather than dismissing, however, the Court will give plaintiff the opportunity to file an amended complaint.

### A. Basis for Jurisdiction

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction and to raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co.,*

*Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction. The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and the Court can hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. The Court has diversity jurisdiction over cases where the parties reside in different states and where the amount in controversy is more than $75,000.

Plaintiff appears to be invoking federal question jurisdiction by listing the Fair Credit Reporting Act, the Americans with Disabilities Act, the Federal Tort Claims Act, and the Motor Carrier Safety Act. "A non-frivolous claim of a right or remedy under a federal statute is sufficient to invoke federal question jurisdiction." *Northwest South Dakota Production Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005). Here, plaintiff does not assert anywhere in his complaint how defendant is liable under any of the four federal statutes. Thus, the Court is unable to determine whether this action is a non-frivolous claim of a right under a federal statute.

Plaintiff also appears to be invoking diversity jurisdiction. However, it does not appear from the face of the complaint that the parties are diverse because plaintiff asserts defendant is a citizen of "all 50 states." For diversity of citizenship to exist, plaintiff cannot be a citizen of the same state as the defendant. Further, the facts alleged in the complaint do not provide an adequate foundation for plaintiff's belief that his damages are sufficient to meet the amount in controversy requirement. The amount in controversy is to be ascertained from the complaint itself. *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353 (1961). When the Court questions whether the amount alleged is legitimate, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *State of Mo. ex rel. Pemiscot Cnty., Mo. v. W. Sur. Co.*, 51 F.3d

170, 173 (8th Cir. 1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). In this case, the amount in controversy is based on little to no facts, making it impossible for the Court to determine if plaintiff meets the jurisdictional requirement.

As a result, the Court will permit plaintiff to amend his complaint to properly allege federal jurisdiction.

### B. Failure to State a Claim

As discussed above, plaintiff has neglected to establish the relevance of his purported federal jurisdictional bases. Plaintiff's claim in its entirety is that defendant used "internet processes" in an employment application to cause him pain and suffering, defamation, and loss of income. He does not provide any factual allegations to support a claim under the Fair Credit Reporting Act, the Americans with Disabilities Act, the Federal Tort Claims Act, or the Motor Carrier Safety Act. Although the Court is to give plaintiff's complaint the benefit of a liberal construction, the Court will not create facts or construct claims. *See Stone*, 364 F.3d at 914-15 (refusing to supply additional facts or to construct a legal theory for a self-represented plaintiff). *See also Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").

The Federal Rules of Civil Procedure require litigants to set out their alleged claims and the facts supporting those claims in a simple, concise, and direct manner. Even self-represented litigants are obligated to plead specific facts and proper jurisdiction and abide by the Federal Rules of Civil Procedure. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Here, plaintiff has failed to state a claim for relief as his complaint provides nothing more than legal conclusions supported by mere conclusory statements.

In consideration of plaintiff's status is a self-represented litigant, the Court will provide him with an opportunity to file an amended complaint according to the instructions set forth below.

**Amendment Instructions**

Plaintiff must type or neatly print his amended complaint on the Court's civil complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must put his case number in the appropriate location on the upper right-hand section of the first page. He should then fill out the complaint form in its entirety, and ensure it is signed.

In the "Basis for Jurisdiction" section of the Court-provided form, plaintiff must assert the basis upon which this Court has jurisdiction. Jurisdiction is a threshold requirement for plaintiff to proceed, and he has the burden of proving its existence. If plaintiff intends to bring this action under federal question jurisdiction, he must point out the relevant section or sections under which he is filing suit. If plaintiff believes diversity jurisdiction exists, he must demonstrate that he is not a citizen of the same state as the defendant(s) and the value of his claim is at least the required amount of $75,000. Plaintiff **must** establish that the Court has jurisdiction over his case. If he fails to carry this burden, his case will be dismissed.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). He should avoid legal arguments and case citations and confine himself to factual allegations against the defendant(s).

In structuring the statement of claim, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain

statement of the factual allegations supporting their claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

To state a cause of action, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010). Thus, while the Court must accept plaintiff's factual allegations as true, it "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). In the amended complaint, plaintiff must present **facts** as opposed to conclusions and broad accusations. "A federal complaint must contain the 'who, what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016).

Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's civil complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of October, 2023.