UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER STEPHEN BUCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-CV-01258-SPM |
| | ) | |
| TENSTREET, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the amended Civil Complaint filed by self-represented plaintiff Christopher Stephen Buck. ECF No. 5. For the reasons discussed below, the Court directs plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### Background

Plaintiff is a self-represented litigant who submitted a Civil Complaint on October 5, 2023 against defendant Tenstreet, an employment application company based in Tulsa, Oklahoma. *See* ECF No. 1 at 2. In the jurisdictional section of the complaint, plaintiff alleged he was bringing this action pursuant to the Fair Credit Reporting Act, the Americans with Disabilities Act, the Federal Tort Claims Act, and the "Federal Motor Carrier Safety Administration/DOT 49 CFR." *Id.* at 3. He also appeared to be asserting diversity jurisdiction as he claimed he was a citizen of Missouri, defendant was a citizen of "all 50 states (North America)," and the amount in controversy was "over $75,000." *Id.* at 4.

In the section of the form complaint to provide his Statement of Claim, plaintiff wrote in its entirety:

> DEFENDANTS NEGLIGENCE VIOLATED MULTIPLE FEDERAL STATUTES, BEGINING IN 07/2022 - CURRENT TIME = AS OF TODAY

10/05/2023, THROUGH INTERNET PROCESSIES INVOVLING EMPLOMENT APPLICATION, IN MULPILE LOCATIONS ACROSS THEE UNITED STATES OF AMERICA, INJURIES INCLUDE PAIN & SUFFERING, DEFAMATION OF CHARACTER AND LOSS OF INCOME.

*Id.* at 5 (errors in original). For relief, plaintiff sought "$35 million, so they don't make the same mistake again." *Id.* at 6.

On October 12, 2023, the Court reviewed plaintiff's complaint and directed him to file an amended complaint to properly allege federal jurisdiction and to provide a statement of claim in compliance with the Federal Rules of Civil Procedure. ECF No. 4. The Court explained that he failed to show federal question jurisdiction because the complaint was devoid of allegations related to how defendant was liable under the Fair Credit Reporting Act, the Americans with Disabilities Act, the Federal Tort Claims Act, and the Motor Carrier Safety Act. *Id.* at 4 (quoting *Northwest South Dakota Production Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986) ("A non-frivolous claim of a right or remedy under a federal statute is sufficient to invoke federal question jurisdiction."); *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005) ("If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate.")). The Court also determined that plaintiff failed to properly allege diversity jurisdiction. *Id.* at 4-5. It did not appear from the face of the complaint that the parties were diverse, and the amount in controversy was based on little to no facts. *Id.*

Because plaintiff did not assert how defendant was liable under any of the four federal statutes and did not properly assert the citizenship of the parties and the amount in controversy, the Court was unable to determine whether this Court had subject matter jurisdiction over this matter.

**Amended Complaint**

Plaintiff submitted an amended complaint on October 26, 2023. ECF No. 5. Under the section designated to provide his basis of federal question jurisdiction, plaintiff lists the same four

federal statutes. *Id.* at 3. He also asserts diversity jurisdiction, indicating he is a citizen of Missouri and defendant is a citizen of Oklahoma. *Id.* at 4. He does not state the amount of controversy in the jurisdiction section of the complaint, but later writes he is seeking $35 million for the reason that "there were 533 total FCRA cases [in] 2013 with awarded damages totaling $1.5 billion" and over $14 billion dollars in awards under FCRA in 2016. *Id.* at 6.

> Plaintiff's statement of the claim is as follows in its entirety:
>
> i've been violated!= FCRA, ADA, TFTCA and FMCSA/DOT, Tenstreet through there business practices, which I'm a part of, because there online employment software application, is widely used in the industry! i cannot remove my info from their website, or talk to a human/customer service rep about possible mistake i made on application to correct! there is no accountability or thoroughly thought out guidelines for protecting the consumer!
>
> 07/2022 to current time my injuries and relationship with tenstreet have ocurred, ive had multiple  possible employers who use this service and they were located in Nebraska and michigan. ijuries suffered!= loss of income, pain & suffering (mental anguish) and defamation (this is were I got the TFTCA from, now i would never insult the court by using AI for my case, but i did ask google what federal law/act protected against defamation)!
>
> FMCSA/DOT told the industry, companys supplying the CDL drivers with newhire applications (im sure the court recognizes that CLD apps are more complicated than the average worker's app due to federal.
>
> ing ever CDL holders substance abuse history in america, FMCSA's drug and alcohol clearinghouse, will have been up and running for 3 years as of 01/06/2023! Guess they figured 3 years was adaquit time for every driver and employer in the country to get enrolled in the new computer data base (clearinghouse), and question of past substance abuse history on application is no longer appropriate!

*Id.* at 5, 7.[1]

Plaintiff describes his injuries as "pain and suffering, loss of income, defamation and pun[i]tive." *Id.* at 5.

---

[1] The text is quoted without correction of spelling, punctuation, or grammatical errors.

**Legal Standard**

**A.  Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. The Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and cases where diversity jurisdiction exists under 28 U.S.C. § 1332. The Court has diversity jurisdiction over cases where the parties reside in different states and where the amount in controversy is more than $75,000. The amount in controversy is to be ascertained from the complaint itself. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961).

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction and to raise the issue of subject matter jurisdiction sua sponte, if necessary. *See City of Kansas City, Mo. v. Yarco Co.*, Inc., 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

**B.  Initial Review pursuant to 28 U.S.C. § 1915(e)(2)**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.[2] To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing

---

[2] The Court granted plaintiff *in forma pauperis* status on October 12, 2023. *See* ECF No. 4.

- 4 -

court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating the court must accept factual allegations in the complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Discussion

Plaintiff's amended complaint has failed to address the Court's concern for whether it has subject matter jurisdiction over this matter. As such, the Court will direct plaintiff to show cause as to why this action should not be dismissed for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

Although plaintiff lists four federal statutes under the jurisdictional section of the form complaint, he has failed to provide any plausible factual basis for how the Fair Credit Reporting Act, the Americans with Disabilities Act, the Federal Tort Claims Act, and the Motor Carrier Safety Act were allegedly violated by defendant. To show federal question jurisdiction, the complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998). Here, for example, plaintiff does not point to a specific provision from each of the four statutes to indicate what federal law was violated, nor does he provide non-conclusory facts as to what defendant actually did or failed to do in order to be subject to liability. "A court does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint. If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005). No federal question is presented on the face of plaintiff's amended complaint.

As for diversity of citizenship, his amended complaint does not provide an adequate foundation for plaintiff's belief that his damages are sufficient to meet the amount in controversy requirement. The amount in controversy is to be ascertained from the complaint itself. *Horton*, 367 U.S. at 353. When the Court questions whether the amount alleged is legitimate, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *State of Mo. ex rel. Pemiscot Cnty., Mo. v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Here, not only is plaintiff's amended complaint unclear on what defendant did or failed to do, his request for $35 million appears to be entirely based on his research of awards from "FCRA cases" in 2013 and 2016. *See* ECF No. 5 at 6. Plaintiff's conclusory allegations regarding the amount in controversy do not satisfy his burden of proving the jurisdictional amount by a preponderance of evidence. *See e.g.*,

*Kedrowski v. Lycoming Engines*, 2015 WL 2165798, at *4 (D. Minn. May 8, 2015) (holding that allegations of "severe emotional distress . . . including but not limited to substantial fright, extraordinary stress, anxiety and apprehension culminating in severe damages and pain and suffering . . . insufficient to establish the jurisdictional amount by a preponderance of the evidence"); *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 348 (8th Cir. 2007) (internal citation omitted) (punitive damages can be included but "the existence of the required amount must be supported by competent proof.").

### Order to Show Cause

Plaintiff has the burden of proving that the Court has subject matter jurisdiction. *See V S Ltd. P'ship v. Dept. of Housing and Urban Dev.*, 235 F.3d at 1109, 1112 (8th Cir. 2000). If the Court determines at any time that it lacks subject matter jurisdiction, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3). In this case, plaintiff has not established that the Court has subject matter jurisdiction, meaning that the case is subject to dismissal without prejudice. However, as plaintiff is a self-represented litigant, he will be given an opportunity to show cause as to why his case should not be dismissed. If plaintiff does not file a response to this Order within twenty-one (21) days, this case will be dismissed without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff must show cause no later than **twenty-one (21) days** from the date of this Order as to why this action should not be dismissed for lack of subject matter jurisdiction.

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice.**

                                          _____
                                          SHIRLEY PADMORE MENSAH
                                          UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of November, 2023.