UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER STEPHEN BUCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:23-CV-1258-SPM |
| ) | |
| TENSTREET, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. For the following reasons, this action will be dismissed without prejudice.

On October 5, 2023, self-represented plaintiff Christopher Stephen Buck filed a Civil Complaint against defendant Tenstreet, an employment application company. ECF No. 1. Plaintiff indicated he was bringing this action pursuant to the Fair Credit Reporting Act, the Americans with Disabilities Act, the Federal Tort Claims Act, and the Federal Motor Carrier Safety Administration. ECF No. 1. Plaintiff stated defendant was a citizen of all fifty states. His statement of claim consisted of one sentence in which he alleged that defendant was negligent from 2022 to the present "through internet processies [sic] involving employment application[s]." *Id.* at 5.

On October 12, 2023, the Court granted plaintiff leave to proceed *in forma pauperis* and reviewed the complaint pursuant to 28 U.S.C. § 1915(e). ECF No. 4. Upon such review, the Court directed him to file an amended complaint to properly allege federal jurisdiction and to provide a statement of claim in compliance with the Federal Rules of Civil Procedure. The complaint failed to show federal question jurisdiction because it was devoid of allegations related to how defendant was liable under the Fair Credit Reporting Act, the Americans with Disabilities Act, the Federal

Tort Claims Act, and the Motor Carrier Safety Act. The Court explained that it "does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint. If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005). The Court also determined that plaintiff failed to properly allege diversity jurisdiction because it did not appear from the face of the complaint that the parties were diverse, and the amount in controversy was based on little to no facts. *Id.*

Plaintiff submitted an amended complaint on October 26, 2023. ECF No. 5. Under the section designated to provide his basis for federal question jurisdiction, plaintiff listed the same four federal statutes. He also asserted diversity jurisdiction, indicating he was a citizen of Missouri and defendant was a citizen of Oklahoma. For relief, Plaintiff sought $35 million because "there were 533 total FCRA cases [in] 2013 with awarded damages totaling $1.5 billion" and over $14 billion dollars in awards under FCRA in 2016. *Id.* at 6. The Statement of Claim read as follows:

> i've been violated!= FCRA, ADA, TFTCA and FMCSA/DOT, Tenstreet through there business practices, which I'm a part of, because there online employment software application, is widely used in the industry! i cannot remove my info from their website, or talk to a human/customer service rep about possible mistake i made on application to correct! there is no accountability or thoroughly thought out guidelines for protecting the consumer!
>
> 07/2022 to current time my injuries and relationship with tenstreet have ocurred, ive had multiple possible employers who use this service and they were located in Nebraska and michigan. ijuries suffered!= loss of income, pain & suffering (mental anguish) and defamation (this is were I got the TFTCA from, now i would never insult the court by using AI for my case, but i did ask google what federal law/act protected against defamation)!
>
> FMCSA/DOT told the industry, companys supplying the CDL drivers with newhire applications (im sure the court recognizes that CLD apps are more complicated than the average worker's app due to federal.

2

ing ever CDL holders substance abuse history in america, FMCSA's drug and alcohol clearinghouse, will have been up and running for 3 years as of 01/06/2023! Guess they figured 3 years was adaquit time for every driver and employer in the country to get enrolled in the new computer data base (clearinghouse), and question of past substance abuse history on application is no longer appropriate!

*Id.* at 5, 7.[1]

On November 7, 2023, the Court reviewed the amended complaint and determined that it failed to properly cure the pleading deficiencies found in the original complaint. ECF No. 8. Although plaintiff listed four federal statutes under the jurisdictional section of the form complaint, he again failed to provide any plausible factual basis for how the Fair Credit Reporting Act, the Americans with Disabilities Act, the Federal Tort Claims Act, and the Motor Carrier Safety Act were allegedly violated by defendant. He did not point to a specific provision from each of the four statutes to indicate what federal law was violated, nor did he provide any non-conclusory facts as to what defendant actually did or failed to do within the context of the federal statutes in order to be subject to liability. As for diversity jurisdiction, his amended complaint did not provide an adequate foundation for plaintiff's belief that his requested damages were sufficient to meet the amount in controversy requirement.[2] Consequently, the Court ordered plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff had twenty-one (21) days, or until November 28, 2023, to comply. He was warned that failure to timely comply could result in the dismissal of this action, without prejudice and without further notice.

As of the date of this Memorandum and Order, plaintiff has not responded to the Court's

---

[1] The text is quoted without correction of spelling, punctuation, or grammatical errors.

[2] When the Court questions whether the amount alleged is legitimate to support diversity jurisdiction, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *State of Mo. ex rel. Pemiscot Cnty., Mo. v. W. Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

order to show cause, nor has he sought additional time to do so. The Court gave plaintiff meaningful notice of what was expected, cautioned him that his case could be dismissed if he failed to timely comply, and gave him additional time to comply. Therefore, this action will be dismissed without prejudice due to plaintiff's failure to comply with the Court's November 7, 2023 Show Cause Order and his failure to prosecute his case.[3] *See* Fed. R. Civ. P. 41(b); *see also Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

---

[3] Even if this Court did not dismiss this action pursuant to Fed. R. Civ. P. 41(b), the cause could not proceed as plaintiff has not properly shown federal jurisdiction. "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction and to raise the issue of subject matter jurisdiction sua sponte, if necessary. *See City of Kansas City, Mo. v. Yarco Co.*, Inc., 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 12th day of December, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE